## In re Investigation of Water Department by City Council (No. 1)

*J. E. Gold*, for city council.

*A. J. Creskoff*, for Landbar Hotel Company and Willard I. Richman.

LEWIS, P. J., June 22, 1954.—This matter is before us on petition for an order directing the Landbar Hotel Company and its president, Willard I. Richman, to produce to the Committee on Streets and Services of the City Council of Philadelphia, for examination by that committee, the corporate balance sheets and profit and

loss statements and copies of its United States income tax returns for the period of 1946 to 1953, inclusive.

The committee on streets and services, by resolution of the city council, adopted on October 2, 1952, was empowered to conduct an "inquiry, investigation and study of the current assessment practices and operations of the Department of Water of the City of Philadelphia". During the progress of this investigation, the Landbar Hotel Company, which operates the Broadwood Hotel at Broad and Wood Streets in Philadelphia, was subpœnæd to produce the documents referred to. On May 12, 1954, Mr. Richman, president of the hotel company, appeared at a meeting of the committee, produced the records, as was stated by his counsel, but refused to permit inspection thereof by the committee on the ground that the records were not relevant to the inquiry as authorized by the council. On May 21st following, the president of city council filed with this court the petition now under consideration. At the argument and in his brief counsel for the hotel company offered to produce for the inspection of the committee "full information" as to the number of bedrooms and baths in the hotel, the number of banquet rooms, kitchens, restaurants, taverns, lounges, air conditioning units, refrigeration, swimming pools, public bathrooms, including comparative figures for the years 1946 to 1953. No question was raised by counsel as to the scope of the committee's inquiry. The wording of the resolution of October 2, 1952, is that the committee was authorized "to conduct an inquiry, investigation and study of the current water assessment practices and operations of the Department of Water in the City of Philadelphia". It will be observed that there is no specific authority or direction to extend the investigation to the customers of the department, the users of water, but we will assume that the power to investigate the department's practices and operations includes in-

quiry into the relations of the department with its customers, as that is a normal part of its "operation".

During the course of its inquiry, the committee ascertained that the Broadwood Hotel was apparently paying an inadequate sum for water consumed on the premises, and that this deficiency had existed for a number of years. It became relevant, therefore, to determine whether the business of the hotel had expanded to any considerable extent between 1946 and 1953, or had suffered a shrinkage, particularly with reference to the operation of the departments of the hotel that require the use of city water. The committee was acting within its authority to subpœna respondent Richman for examination, and to subpœna the Landbar Hotel Company to produce pertinent records bearing upon the hotel's operation. The committee went beyond its power, however, in requiring the production of income tax returns, balance sheets and profit-and-loss statements. The authorities are fully discussed in the briefs, but it is only necessary to refer to the case of Annenberg v. Roberts et al., 333 Pa. 203, in support of our conclusion that the committee's subpœna cannot be enforced. In the Annenberg case, it was held that a witness may not be compelled to reveal his private and personal affairs to a legislative committee, except to the extent that such disclosure is germane to and is reasonably required for the general purpose of the inquiry; that the compulsory production of private papers may be an unreasonable search and seizure within the meaning of the fourth amendment of the Federal Constitution, and of article I, sec. 8, of the Pennsylvania Constitution.

We have no difficulty in coming to a decision that the hotel company's income tax returns, balance sheets and profit-and-loss statements would not supply information germane to the councilmanic inquiry, but would be a mere delving into private papers of the company.

The committee would be fully within its powers if it asked for the production of records relating to the patronage from year to year of the Broadwood Hotel as an entirety, and of any unit thereof, such as the health institute, the swimming pool, the bedrooms, banquet rooms and the like. Expansion or contraction of patronage would undoubtedly be reflected in the consumption of water. If for disproof of testimony given or the establishment of the falsity of records produced and examined by the committee, copies of income tax returns are subsequently demanded and refused, that question can then be considered by us.

The petition is refused, without prejudice to the right of the committee to issue a new subpœna duces tecum for the production of such of the hotel records as we have indicated should be made available.